**K–C FUEL COMPANY, INC., Appellant,**

v.

**Tommy O. DEAN, Appellee.**

No. 12439.

Court of Civil Appeals of Texas, Austin.

May 12, 1976.

Rehearing Denied June 9, 1976.

Earl L. Yeakel, III, Kammerman, Yeakel, Hineman & Trickey, Austin, for appellant.

**492**

William A. Lusk, Lusk & Shortes, Austin, for appellee.

PHILLIPS, Chief Justice.

This case involves the finality of a judgment in a garnishment suit and related questions.

On July 22, 1974, K–C Fuel Company obtained a judgment for $7,326.65 in Cause No. 219,649 in the district court of Travis County against Tommy O. Dean. Subsequently, Dean did not perfect an appeal or post a supersedeas bond. On August 26, 1974, K–C Fuel Company filed an Application for Writ of Garnishment in the same district court, referring to its judgment against Tommy O. Dean, and requesting that the court issue its writ to the Home State Bank of Marble Falls, Texas, as garnishee.

In September, 1974, Home State Bank filed its answer to appellant's writ of garnishment and on October 23, 1974, the trial court entered a judgment, denominated "Interlocutory Judgment," awarding appellant $5,635.33, granting Home State Bank reasonable attorney's fees and further ordering Home State Bank to make available the contents of a certain safety deposit box held in the name of appellee upon proper presentation of appellee's key to the safety deposit box. This judgment was never appealed and appellant contends that the judgment became final.

On January 22, 1975, after the entry of this judgment, appellee filed a writ of error requesting that this Court review the judgment previously issued in Cause No. 219,649. In June, 1975, this Court reversed the judgment of the trial court in Cause No. 219,649, and remanded the cause [1] to the district court for further proceedings.

Thereafter, in September, 1975, appellee filed in the trial court his "Motion to Recover Sums Paid Under Garnishment Pursuant to Judgment Afterwards Reversed."

On December 18, 1975, the court granted appellee's motion and entered judgment ordering appellant to return to appellee the sum garnished, costs of suit and interest.

Appellant has duly perfected its appeal in this Court.

Two principal questions are presented on appeal: the first, whether the judgment in garnishment had become final, thus depriving the trial court of jurisdiction to act on appellee's motion to recover; and second, if the judgment had become final, whether appellee's motion served as a bill of review to reopen the case. We hold that the judgment had become final and that the trial court lacked jurisdiction to consider appellee's motion to recover. We also hold that this motion failed to serve as a bill of review. Therefore, we reverse the judgment of the trial court granting appellee's motion.

The judgment of October 23, 1974, awarded appellant judgment against garnishee Home State Bank in the stated amount plus reasonable attorney's fees. It absolved garnishee, Home State Bank, of any liability to appellee, Tommy O. Dean, as a result of the payments provided for in said judgment; and it ordered the garnishee to make the contents of a certain safety deposit box held by appellee available to appellant's attorney.

■ Thus, by disposing of all of the matters in controversy, the judgment terminated the litigation of the parties and became final. *Hargrove v. Insurance Investment Corporation,* 142 Tex. 111, 176 S.W.2d 744 (Tex.1944); *Granville v. Lea,* 336 S.W.2d 795 (Tex.Civ.App.1960, no writ).

■ A final judgment is one which determines the rights of the parties and disposes of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Howard Gault & Son, Inc. v. First National Bank,* 523 S.W.2d 496 (Tex. Civ.App.1975, no writ).

■ Even a cursory review of the court's judgment of October 23, 1974, reflects that it satisfied all of the requirements of a final judgment. The fact that it was rendered in

---

1.  *Dean v. K–C Fuel Company,* 524 S.W.2d 805 (Tex.Civ.App.1975, no writ).

a garnishment action in no way affects its finality. *Roberts v. Stoneham*, 31 S.W.2d 856 (Tex.Civ.App.1930, no writ).

We remain unimpressed with appellee's assertion that the judgment lacked finality because it was labeled "Interlocutory Order." As we stated above, the judgment was endowed with all the attributes of finality. Nor can it be said that because the judgment orders appellee to produce a key to the lockbox, it has failed to dispose of all of the matters in controversy. *Hargrove*, cited above, states that if the rights controverted by the parties be settled by the judgment, it will be held final, although further proceedings should be required to carry the judgment into full effect. Such proceedings may be expressly provided for in the face of the judgment without affecting its finality, provided they are merely incidental to its proper execution.

We also hold that the trial court was without authority to enter its subsequent judgment of December 18, 1975, ordering appellant to repay the sums garnished under the original judgment.

■ It is undisputed that appellee did not appear in the garnishment proceeding at the time it was originally heard by the trial court and took no appeal from the garnishment judgment originally entered by the trial court on October 23, 1974, although he clearly had a right to do so. *Phillips v. Interstate Securities Co. of Texas*, 250 S.W.2d 444 (Tex.Civ.App.1952, no writ). Also, appellee did not, within the period of time allowed by law, attack the judgment of October 23, 1974, by appeal or writ of error to this Court. The trial court has jurisdiction over its own judgments until they become final, with power to vacate, correct or amend same at the instance of proper parties upon grounds sufficient to authorize such action by the court. *Standard Oil Co. v. State*, 132 S.W.2d 612 (Tex. Civ.App.1939, writ dism'd jdgmt. corr.).

■ However, once the judgment of the trial court becomes final, the trial court loses authority to vacate or modify that judgment, except as provided for by law. In this case, the judgment of the trial court became final thirty days after its rendition on October 23, 1974. *Cargill, Inc. v. Van Deweghe*, 384 S.W.2d 216 (Tex.Civ.App. 1964, no writ).

Nor can we treat appellant's motion, described above, as a bill of review. *Garcia v. Ramos*,[2] 208 S.W.2d 111 (Tex.Civ.App.1948, writ, ref.), states that although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment, he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own.

■ We are well aware that substance and not form determines whether a pleading can be designated as a bill of review,[3] and that such pleadings need not be docketed as a separate and distinct cause of action. Apparently, there was no testimony taken in support of appellee's motion and it is entirely possible that the court treated the motion as part of the garnishment suit. Even so, should the trial court have considered the motion as a bill of review it cannot stand, if for no other reason than that appellee has failed to prove that his failure to present a meritorious defense was unmixed with any fault or negligence of his own.

■ Appellee did not offer any evidence that would show when he learned of the offending judgment. It is clear that he learned of it at some point in time as he successfully prosecuted a writ of error from the judgment in the case on which the garnishment action was based. There is no

**2.** See also: *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (Tex.1950); *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964); *Innmon v. Mouser*, 493 S.W.2d 290 (Tex.Civ.App.1973, no writ).

**3.** *Champion v. Kinney*, 460 S.W.2d 173 (Tex. Civ.App.1970, no writ); *Smith v. Kraft*, 9 S.W.2d 472 (Tex.Civ.App.1928, no writ).

evidence or explanation as to why he did not intervene in the garnishment proceeding in the trial court, file a motion for new trial, appeal this judgment or prosecute a writ of error therefrom. Consequently, we must reverse the judgment of the trial court granting appellee's motion to recover money paid under garnishment and render judgment that appellee take nothing.

Reversed and Rendered.