J. STILES, INC., Appellant,

v.

Jack EVANS, et ux. Mary Kay Evans, Appellees.

No. 05–83–00490–CV.

Court of Appeals of Texas, Dallas.

Sept. 26, 1983.

See also Tex.App., 658 S.W.2d 676.

C. Thomas Wesner, Jr., Dallas, for appellant.

Bill W. Bailey, Boyd Waggoner, Royal H. Brin, Jr., Dallas, for appellees.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

PER CURIAM.

Appellant, J. Stiles, Inc., has moved to dismiss this appeal for want of jurisdiction. Stiles asserts that there is no final judgment because the trial court reserved ruling on several aspects of its motion for sanctions but failed to dispose of the motion. We hold that the judgment disposes

of the motion by implication. Consequently, we deny the motion to dismiss.

After several motions for sanctions had been heard and disposed of, Stiles filed another motion for sanctions, including a claim for attorney's fees. A hearing was held on May 18, 1982. The order, which was not signed until March 18, 1983, recites that the trial judge reserved his rulings on some aspects of the motion. A jury trial was had in the case on June 1, 1982, and a verdict returned in favor of the appellees, Jack and Mary Evans. A judgment on this verdict was signed and entered on January 8, 1983, awarding the Evans $155,582.40 and attorney fees.

Stiles contends that the judgment of January 8, 1983, is interlocutory because it is subject to change should the trial judge later decide to grant his motion for sanctions. We do not agree. The judgment overruled by implication those portions of the motion for sanctions on which the trial judge had reserved ruling. *Cf. Krause v. White,* 612 S.W.2d 639 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Transceiver Corp. of America v. Ring Around Products, Inc.,* 581 S.W.2d 712 (Tex.Civ.App.—Dallas 1979, no writ). Appellant's failure to obtain rulings on his motion does not affect the finality of the judgment but may preclude him from raising the matters on appeal. *See Rylee v. McMorrough,* 616 S.W.2d 649, 653 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ dism'd). Since the judgment in this case disposes of all issues and all parties, it is final and appealable. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966).