**P.N.L., INC., and its Attorney, W. Steven Winter, Appellants,**

v.

**James E. OWENS, Appellee.**

**No. 08–90–00084–CV.**

Court of Appeals of Texas, El Paso.

Oct. 24, 1990.

Rehearing Overruled Nov. 21, 1990.

### OPINION

FULLER, Justice.

The trial court granted sanctions against a lawyer and his client by entering a money judgment in favor of a wrongfully sued individual. We affirm.

### FACTS

Attorney W. Steven Winter filed suit on behalf of his client, P.N.L., Inc. against James E. Owens. The suit alleged that James E. Owens owed money pursuant to an equipment lease agreement. The lawsuit sought not only the amount owed under the lease but exemplary damages in the

amount of $21,000.00. The address of the Appellee stated in the Appellants' petition was "22442 Coriander Drive, Katy, Texas." Appellee lived in Missouri City, Texas for over ten years.

On August 9, 1988, Appellee Owens was served with the citation in the case. The following day Appellant attorney Winter was informed by Owens' wife that he had served the wrong Owens. She testified that she was assured that if her husband was not the right party that the lawsuit would not be pursued. He also prepared two affidavits to attach to the Motion. In one of those sworn affidavits, Appellant attorney Winter, in justifying the award of attorney's fees, represented the amount sought was reasonable for *INVESTIGATING the above cause;* effecting service on Defendant; and *"FURTHER WORK THAT WILL REASONABLY BE EXPECTED TO BE PERFORMED IN ORDER TO EFFECTUATE THE COLLECTION OF A JUDGMENT IN THIS CAUSE FROM THE DEFENDANT."* [Emphasis added]. Appellant attorney Winter also prepared and presented the second sworn affidavit to support his Motion. This affidavit, signed and sworn to by his client, was for the purpose of supporting the Motion for Default Judgment. It stated that the allegations of the Original Petition were true and correct. A Default Judgment, on June 26, 1989, in the amount of over $13,000.00, was entered against Appellee James E. Owens. Notice of entry of the Default Judgment was sent to Appellee who after several attempts by phone to reach attorney Winter was advised to see a lawyer.

Appellee did hire a lawyer who filed a Motion for New Trial on behalf of Appellee which was granted, leaving pending the original suit. Appellee's attorney then filed a Motion for Summary Judgment and sought money sanctions against Appellant corporation and its attorney, Appellant W. Steven Winter. After the trial court set the case for hearing, the Appellant corporation dismissed with prejudice its lawsuit by taking a non-suit. This left only the matter of sanctions for the trial court to decide. The trial court conducted a hearing in which the Owens, their attorney and Appellant attorney W. Steven Winter testified. Winter put responsibility for suing the wrong person on his own client. No one from the Appellant corporation testified at this hearing. The trial court, after hearing the evidence, granted sanctions against the attorney and his client in the amount of $3,718.75, and stated: "Well, I think your conduct and your client fall below the minimum standards for an attorney practicing in this court, sir. I really do."

Appellants appeal from the sanction order entered.

## POINTS OF ERROR

Point of Error No. One asserts that the trial court erred in awarding attorney's fees since it does not have "inherent power" to do so.

Point of Error No. Two asserts the trial court improperly granted attorney's fees under Article 38.001 of the Texas Civil Practices and Remedies Code when even Article 38.002 had not been complied with.

Points of Error Nos. Three and Four claim the trial court erred in granting attorney's fees by virtue of Tex.R.Civ.P. 13.

## DISCUSSION

We have a situation where the trial court heard the witnesses and had the opportunity to judge their credibility. Here the attorney acknowledged that he was advised that he had served the wrong party and continued boldly on with the lawsuit. He chose to prepare and present a Motion for Default Judgment with sworn affidavits attached with the sole intention to have the trial court enter a money judgment against this Appellee. This was done without advising the trial court that he had been advised that he had sued the wrong defendant.

If the action of the trial court is to be affirmed, it must be done so by virtue of the authority given the trial court pursuant to Tex.R.Civ.P. 13.

Rule 13 provides that:

The signatures of attorneys or parties constitute a certificate by them that they have read the **PLEADING, MOTION, OR OTHER PAPER;** that to the best of

their knowledge, information, and belief **FORMED AFTER REASONABLE INQUIRY** the instrument is not groundless and brought in bad faith or groundless.... If a **PLEADING, MOTION, OTHER PAPER** is signed in violation of this rule, **THE COURT, UPON MOTION OR UPON ITS OWN INITIATIVE,** *SHALL IMPOSE SANCTIONS* available UNDER RULE 215–2b, upon the person who signed it, a represented party, or both. [Emphasis added].

The Appellant attorney continued to sign his name to a pleading (the Motion for Default Judgment) as well as to an affidavit and made representations to the trial judge that he was rightly entitled to judgment against the Appellee.

The credibility of the witness was for the trial judge to weigh. He could have believed the Appellants did not make reasonable inquiry after being advised by Appellee's wife that they had sued the wrong defendant. He could have believed that the Appellant attorney had told Mrs. Owens that he would not pursue the lawsuit further. The trial court could have found that the attorney should have advised him of the Owens' contention that they had been wrongfully sued. "He (Owens) should have hired a lawyer earlier" is hardly an explanation that a trial judge must accept.

The taking of a non-suit was "not to the satisfaction of the trial judge."

We find, under the facts of this case, the trial court did have authority by virtue of Tex.R.Civ.P. 13 to impose sanctions, and we do not find any abuse of discretion in the action he took. The belated taking of a non-suit was a "must" and not a generous, humbling and forgiving act by Appellants. This action by Appellants was "too little and too late."

Points of Error Nos. Three and Four are overruled.

The judgment of the trial court is affirmed.