**Raymond Vance JOBE, Appellant,**

**v.**

**Douglas LAPIDUS, Appellee.**

**No. 05–93–01509–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 15, 1994.

Rehearing Denied May 2, 1994.

John Nation, Michael G. Wimer, Dallas, for appellant.

C. Randy Golden, Grand Prairie, for appellee.

Before McGARRY, C.J., and ROSENBERG and MORRIS, JJ.

## OPINION

ROSENBERG, Justice.

By letter dated October 4, 1993, this Court questioned whether the February 9, 1993 summary judgment was a final judgment and whether the March 24, 1993 and May 27, 1993 judgments were nullities because the trial court signed them after the expiration of its plenary jurisdiction. Assuming the February 9, 1993 summary judgment was the final judgment, the letter questioned whether Jobe timely perfected his appeal. The letter instructed the parties to brief these jurisdictional issues. We hold that the February 9, 1993 summary judgment was a final judgment, that the trial court's plenary jurisdiction expired on March 11, 1993, and that the trial court's March 24, 1993 and May 27, 1993 judgments are nullities as the trial court signed them after the expiration of its plenary jurisdiction. We dismiss the appeal for want of jurisdiction.

## PROCEDURAL BACKGROUND

Raymond Jobe sued Douglas Lapidus for defamation of character, libel, intentional infliction of emotional distress, negligent infliction of emotional distress, and abuse of process. Lapidus did not seek any affirmative relief in his answer. On December 31, 1992, Lapidus filed his "First Amended Motion for Summary Judgment and Memorandum." He moved for summary judgment "as to any and all claims alleged against him by Plaintiff herein...." Lapidus's motion presented the entire controversy for disposition by summary judgment. Based upon an uncontroverted assertion in Lapidus's jurisdictional brief, sometime before the hearing on Lapidus's motion for summary judgment, Lapidus filed a motion for rule 13 sanctions. TEX. R.CIV.P. 13. This Court's transcript does not contain Lapidus's motion for rule 13 sanctions.

On February 9, 1993, the trial court granted Lapidus's motion for summary judgment. On March 24, 1993, the trial court signed a document captioned, "Final Judgment," which again granted Lapidus's motion for summary judgment but also disposed of Lapidus's motion for rule 13 sanctions. On May 27, 1993, the trial court signed a "Corrected Final Judgment," which modified the award of sanctions. Jobe appealed.

## FINALITY OF THE FEBRUARY 9, 1993 SUMMARY JUDGMENT

Jobe argues that the February 9, 1993 summary judgment is interlocutory because it does not dispose of Lapidus's motion for sanctions. Jobe asserts that it is for this reason that the February 9, 1993 summary judgment refers to itself as an interlocutory summary judgment. Lapidus maintains that the February 9, 1993 summary judgment is final because it disposed of all the claims of the parties.

A judgment is final and appealable if it disposes of all the parties and all the issues. *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Pleadings determine the issues and parameters of a contest. *Crain v. San Jacinto Sav. Ass'n*, 781 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1989, writ dism'd); *see Aldridge*, 400 S.W.2d at 898 (finality "problem[s] can be eliminated entirely by a careful drafting of judgments to conform to the pleadings"); *see generally* TEX.R.CIV.P. 45(a), 78 & 83. A motion is an application for an order. *Crain*, 781 S.W.2d at 638; *see Lindley v. Flores*, 672 S.W.2d 612, 614 (Tex. App.—Corpus Christi 1984, no writ).[1] A mo-

---

1. The court in *Lindley* expressly stated that a sanctions order was not a judgment. *Lindley*, 672 S.W.2d at 614. The issue in *Lindley* was whether the sanctions order was supported by the "pleadings." The court noted that the sanctions order was supported by a motion and held

tion is not at the same level as a pleading. *See Crain*, 781 S.W.2d at 639. A trial court's failure to rule on a motion has no bearing on the finality of a judgment. *J. Stiles, Inc. v. Evans*, 667 S.W.2d 178, 179 (Tex.App.—Dallas 1983, no writ) (per curiam). An order on a motion for sanctions is not a judgment. Therefore, notwithstanding the fact that the February 9, 1993 summary judgment did not dispose of Lapidus's motion for rule 13 sanctions, because the February judgment disposed of all the issues in the pleadings, we hold that it is final.

■ Further, the summary judgment's reference to itself as an interlocutory order is not dispositive if the judgment otherwise disposes of all the live claims. *See Zoning Bd. of Adjustment v. Graham*, 664 S.W.2d 430, 433–34 (Tex.App.—Amarillo 1983, no writ); *K-C Fuel Co. v. Dean*, 537 S.W.2d 491, 492–93 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.). Because the February 9, 1993 summary judgment disposed of all the claims of the parties in their pleadings, we hold the February 9, 1993 summary judgment was final[2] even though it refers to itself as interlocutory.

The dissent would hold that the February 9, 1993 summary judgment was interlocutory because it did not dispose of Lapidus's motion for sanctions. The dissent would elevate a motion for rule 13 sanctions to the level of a pleading that asserts an independent cause of action which must be resolved in a final judgment. A sanctions order is not a judgment. *Wolma v. Gonzalez*, 822 S.W.2d 302, 303 (Tex.App.—San Antonio 1991, orig. proceeding); *Goad v. Goad*, 768 S.W.2d 356, 358 (Tex.App.—Texarkana 1989, writ denied) (per curiam), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). If a sanctions order is not a judgment, then a motion for sanctions is not a pleading that frames issues which must be resolved in a final

judgment. For that reason and for the reasons stated earlier, we decline to hold that a motion has the same legal significance as a pleading. *See Crain*, 781 S.W.2d at 639; *J. Stiles, Inc.*, 667 S.W.2d at 179.

## WHETHER THE RULE 13 SANCTIONS MOTION SURVIVED THE TRIAL COURT'S PLENARY JURISDICTION

■ Because we have held that the February 9, 1993 summary judgment was a final judgment and because there was no timely motion for new trial, the trial court's plenary jurisdiction expired on March 11, 1993. TEX. R.CIV.P. 329b(d). In the event this Court held that the February 9, 1993 summary judgment was final, Jobe argues that the March 24, 1993 and May 27, 1993 judgments are nullities because the trial court signed them after the expiration of its plenary jurisdiction. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex.1983). Jobe further asserts that a motion for sanctions does not survive the expiration of the trial court's plenary jurisdiction. We agree. *See Hjalmarson v. Langley*, 840 S.W.2d 153, 154–56 (Tex.App.—Waco 1992, orig. proceeding).

Lapidus maintains that a trial court has continuing jurisdiction to entertain a sanctions motion notwithstanding the expiration of its plenary jurisdiction. *See Wolma*, 822 S.W.2d at 302. In *Wolma*, after the trial court signed a final judgment but before the trial court's plenary jurisdiction expired, a party filed a motion for rule 13 sanctions. After the expiration of the trial court's plenary jurisdiction, the trial court signed an order granting the motion for sanctions. The San Antonio Court of Appeals held that the expiration of the trial court's plenary power had no bearing on its jurisdiction to grant rule 13 sanctions. *Wolma*, 822 S.W.2d at 303. Citing federal authorities, the court

---

that the motion was sufficient. *Lindley*, 672 S.W.2d at 615. To the extent a sanctions order had to be supported by the "pleadings," the court wrote that motions for sanctions were "in the nature of pleadings." *Lindley*, 672 S.W.2d at 614.

**2.** The February 9, 1993 summary judgment "sustained" Lapidus's motion for summary judgment but did not affirmatively order a take-nothing

summary judgment. Nevertheless, when a motion for summary judgment seeks a take-nothing summary judgment, an order granting such a motion results in a take-nothing summary judgment. *Cockrell v. Central Sav. & Loan Ass'n*, 788 S.W.2d 221, 223 (Tex.App.—Dallas 1990, no writ); *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 609 (Tex. App.—Dallas 1988, writ denied).

wrote: "Rule 13 sanctions are collateral matters unrelated to the merits of the case out of which they arise," and it noted that the request for federal sanctions "need not be filed within the time period for filing motions to alter or amend the judgment." *Wolma,* 822 S.W.2d at 303. The court then cited two Texas cases, *Goad,* 768 S.W.2d at 358, and *P.N.L., Inc. v. Owens,* 799 S.W.2d 439, 441 (Tex.App.—El Paso 1990, no writ), for the proposition that a trial court can impose a rule 13 sanction postjudgment. The court analogized a postjudgment rule 13 sanctions motion to any other postjudgment motion that, once ruled upon, is appealable. *Wolma,* 822 S.W.2d at 304.

■ We decline to follow *Wolma.* First, *Wolma* relied upon federal authorities. State court jurisdiction is not determined by federal statutes, federal rules of procedure, or federal case law interpreting federal statutes and federal rules of procedure. *Cf. Batton v. Green,* 801 S.W.2d 923, 927–30 (Tex.App.—Dallas 1990, no writ) (interlocutory appeal). We will not rely upon federal authorities for the proposition that the trial court retained jurisdiction to hear and decide Lapidus's motion for rule 13 sanctions after the expiration of the trial court's plenary jurisdiction. To the extent that *Wolma* relied upon the Texas authorities of *Goad* and *P.N.L., Inc.* for the proposition that a trial court can impose rule 13 sanctions postjudgment, we do not dispute that a trial court can impose sanctions postjudgment. However, neither *Goad* nor *P.N.L., Inc.* stands for the proposition that a trial court can impose rule 13 sanctions after the expiration of its plenary jurisdiction.

*Wolma* treated an order on a postjudgment motion for rule 13 sanctions like a postjudgment proceeding. The only postjudgment proceedings over which the trial court retains jurisdiction after the expiration of its plenary power are proceedings to clarify or enforce a judgment. *Allen v. Allen,* 717 S.W.2d 311, 312 (Tex.1986) (per curiam). The proceeding on Lapidus's motion for rule 13 sanctions was not a proceeding to clarify or enforce the trial court's judgment; therefore, those bases of continuing jurisdiction were not available to the trial court. Fur-

thermore, *Wolma* involved a postjudgment motion for rule 13 sanctions, whereas this appeal involves a prejudgment motion for rule 13 sanctions. And we decline to treat a prejudgment motion for rule 13 sanctions in the same manner as a postjudgment motion to clarify or enforce a judgment.

Lapidus argues that rule 162 of the Texas Rules of Civil Procedure gives the trial court authority to entertain a postjudgment sanctions hearing. TEX.R.CIV.P. 162. Rule 162 deals with voluntary nonsuits, when they can be taken, and what effect they have on the pending claims for affirmative relief. This appeal does not involve a voluntary nonsuit, so rule 162 does not apply. Furthermore, even assuming rule 162 applied, although it gives the trial court the authority to entertain a sanctions motion after a nonsuit, it does not give the trial court jurisdiction to entertain a sanctions motion after the expiration of its plenary jurisdiction. Rule 162 never broaches the scope of the trial court's plenary jurisdiction. Rule 162 provides, in pertinent part: "A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court." TEX.R.CIV.P. 162. This provision simply means that a party cannot escape a sanctions motion by nonsuiting its claims. *See P.N.L., Inc.,* 799 S.W.2d at 441. Rule 13 formerly allowed a party to escape sanctions by withdrawing or amending the faulty pleading "before the 90th day after the court makes a determination of such violation or prior to the expiration of the trial court's plenary power, whichever occurs first...." *Cloughly v. NBC Bank–Seguin, N.A.,* 773 S.W.2d 652, 657 (Tex.App.—San Antonio 1989, writ denied).

Lapidus cites *Greiner v. Jameson,* 865 S.W.2d 493 (Tex.App.—Dallas 1993, writ pending), for the proposition that trial courts have the inherent power to sanction. Lapidus also appears to cite *Greiner* for the proposition that a sanctions motion can be a postjudgment proceeding. *Greiner* was a postjudgment enforcement proceeding in which the parties sought sanctions for the adverse parties' failure to comply with the judgment. *See Greiner,* 865 S.W.2d at 495.

Lapidus's motion for sanctions was not a postjudgment enforcement proceeding. *Greiner* is distinguishable.

In conclusion, we hold that the February 9, 1993 summary judgment was a final judgment, that the trial court's plenary jurisdiction expired on March 11, 1993, and that the trial court's March 24, 1993 and May 27, 1993 judgments, which granted Lapidus's motion for rule 13 sanctions, are void because the trial court signed them after the expiration of its plenary jurisdiction. Because neither party timely perfected an appeal from the February 9, 1993 summary judgment, we dismiss the appeal.

McGARRY, C.J., dissenting.

McGARRY, Chief Justice, dissenting.

I respectfully dissent. This Court should assert jurisdiction in this case because the appeal was timely perfected.

I disagree with the majority's conclusion that the February 9, 1993 summary judgment was final for purposes of appeal. A judgment is not final unless it disposes of all parties and all issues in a case. *Felderoff v. Knauf*, 819 S.W.2d 110, 111 (Tex.1991) (per curiam). A final judgment disposes of all of the issues involved so that no future action by the trial court will be necessary in order to settle and determine the entire controversy. *K & S Interests, Inc. v. Texas Am. Bank–Dallas*, 749 S.W.2d 887 (Tex.App.—Dallas 1987, writ denied).

The February 9, 1993 summary judgment did not purport to determine the entire controversy between the parties. Lapidus' motion for sanctions under rule 13 was already pending at the time that the trial court heard his motion for summary judgment.[1] The motion for summary judgment did not request a ruling on the sanctions issue.[2] Nor did the order granting summary judgment overrule the rule 13 motion by necessary implication. *Cf. J. Stiles, Inc. v. Evans*, 667

S.W.2d 178, 179 (Tex.App.—Dallas 1983, no writ) (per curiam).

A motion for rule 13 sanctions requires the trial court to decide whether a pleading is groundless and whether it was filed in bad faith or for the purpose of harassment. Tex. R.Civ.P. 13. The majority holds that these questions are not "issues" that must be resolved in a final judgment. Yet it also holds that they are not "collateral matters unrelated to the merits of the case." *Cf. Wolma v. Gonzalez*, 822 S.W.2d 302, 303 (Tex.App.—San Antonio 1991, orig. proc.). One wonders exactly what type of issue is raised by a rule 13 motion, if it is neither an issue in the case nor a collateral matter unrelated to the case. Apparently, the majority believes that the issue of rule 13 sanctions is waived or becomes moot by the entry of judgment. I disagree.

Rule 13 sanctions are unlike discovery sanctions in that they directly concern the merits of the underlying action. As a practical matter, a motion for rule 13 sanctions cannot be ruled on until after the trial court has decided the merits of the case, because the court must first decide whether a party's pleading is "groundless." Thus, unlike discovery sanctions, rule 13 sanctions should not be waived by going to trial. *Cf. Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 170 (Tex.1993, orig. proc.). Nor does the issue of the rule 13 sanctions become moot by the granting of a summary judgment. To the contrary, the summary judgment may be necessary to show the requisite groundlessness.

The majority's holding is largely based on the rather semantic observation that "a [sanctions] motion is not a pleading." Yet, it also acknowledges authority for the proposition that a sanctions motion is "in the nature of a pleading," at least for the purpose of defining the issues on which a trial court may rule. *See Lindley v. Flores*, 672 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1984, no writ). The distinction between a motion and a pleading in this instance is entirely artifi-

---

1. Thus, this case is distinguishable from *Hjalmarson v. Langley*, 840 S.W.2d 153 (Tex.App.—Waco 1992, orig. proc.), in which the rule 13 motion was not filed until after a final judgment was signed.

2. Nor should it have, since rule 13 requires the trial court to conduct an evidentiary hearing. *New York Underwriters Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 856 S.W.2d 194 (Tex.App.—Dallas 1993, no writ).

cial. Rule 13 sanctions can logically be sought by counterclaim. A request for rule 13 sanctions, whether by motion or pleading, is a request for affirmative relief. *See New York Underwriters Ins. Co.*, 856 S.W.2d at 205.

The majority also cites *J. Stiles, Inc. v. Evans*, 667 S.W.2d 178 (Tex.App.—Dallas 1983, no writ) for the proposition that a trial court's failure to rule on a motion has no bearing on the finality of a judgment. This argument, which appears in *Stiles* as mere *dictum*, also relies heavily on the artificial distinction between a rule 13 motion and a rule 13 counterclaim. Moreover, *Stiles* cites as authority *Rylee v. McMorrough*, 616 S.W.2d 649, 653 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd), although *Rylee* offers no support for that position.

The March 24, 1993 "Final Judgment" signed by the trial court is the first order that determines the entire controversy between the parties, including the issue of sanctions. In my view, this is the first final judgment that was signed. Because a motion for new trial was filed on April 23, 1993, the trial court was still acting within its plenary power when it signed a "Corrected Final Judgment" on May 27, 1993.

The Corrected Final Judgment was sufficient to restart the appellate timetable. *Azbill v. Dallas County Child Protective Serv. Unit*, 860 S.W.2d 133, 138 (Tex.App.—Dallas 1993, no writ). This appeal was timely perfected from that judgment.