TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00106-CV






In re Paul C. Velte, IV








ORIGINAL PROCEEDING FROM TRAVIS COUNTY





O P I N I O N




 In this mandamus proceeding, relator Paul C. Velte, IV complains of a trial court's
order granting a motion for sanctions against him. Velte contends that the trial court's plenary
jurisdiction had expired at the time it issued its order granting sanctions, and therefore, the court's
order is void. We agree. And because the order is void, Velte need not show that he has no adequate
remedy by appeal; mandamus relief is the appropriate remedy. Accordingly, we will conditionally
grant Velte's petition for writ of mandamus.


PROCEDURAL BACKGROUND


 Velte, an attorney, represented Thomas Shewalter in a suit he filed against real party
in interest Jerald Winetroub Company ("JWC"), Jerald Winetroub, individually and as co-executor
of the estate of Frances W. Winetroub, and Nelson R. Winetroub. (1) JWC filed a response to the
petition along with a motion for sanctions. (2) Sometime before trial, Shewalter nonsuited JWC; the
cause, however, was not severed. The remaining claims against the other two defendants were tried
to a jury on July 24, 2003. Following the trial, the trial court rendered judgment that Shewalter take
nothing by his claims, in accordance with the jury's verdict. The judgment, dated August 29, 2003,
includes the handwritten word "interlocutory" in its heading and states that it disposes of "all claims"
by the plaintiffs as to "all parties," except for the motions for sanctions filed by JWC and Jerald
Winetroub. Shewalter filed a motion for new trial, which was overruled on August 29, 2003. On
November 24, 2003, the trial court signed an order granting JWC's motion for sanctions against
Shewalter's attorney, Velte.


DISCUSSION


Standard of Review

 Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. In re Ford Motor Co., 988
S.W.2d 714, 718 (Tex. 1998); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Thus, in our
analysis, we must first determine whether the trial court committed a clear abuse of discretion and
second, whether Velte had an adequate remedy by appeal. 


Abuse of Discretion

 The issue presented by this mandamus proceeding is whether the trial court
maintained plenary jurisdiction when it rendered its order granting JWC's motion for sanctions. To
resolve this issue, we must first determine whether the trial court's judgment following the jury trial
was a final judgment, in spite of the trial court's characterization of it as interlocutory.

 The facts of this mandamus proceeding are almost identical to those in Jobe v.
Lapidus, 874 S.W.2d 764 (Tex. App.--Dallas 1994, writ denied). There, the trial court rendered an
"interlocutory" summary judgment on February 9, 1993, by which it disposed of all claims except
for a motion for sanctions. Id. at 765. Later, on March 24, the trial court signed a "final judgment"
by which it disposed of the motion for sanctions. Id. On May 27, the court signed a "corrected"
final judgment, which modified the award of sanctions. Id. The Dallas court of appeals dismissed
an appeal of the May 27 judgment for want of jurisdiction, explaining that, notwithstanding the trial
court's characterization of its initial February 9 judgment as "interlocutory," a judgment is final if
it disposes of all the parties and issues as determined by the pleadings. Id. at 765-66. A motion for
sanctions is not a pleading that determines issues that must be resolved in a case, the court continued,
and a sanctions order is likewise not a judgment. Id. Therefore, the trial court's February 9
summary judgment was a final judgment, and the trial court's plenary jurisdiction expired thirty days
after that judgment was rendered; the court's subsequent March 24 and May 27 judgments were void
because the court no longer had jurisdiction to render them. Id. at 766, 768; see also Lane Bank
Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 312 (Tex. 2000) (agreeing with Dallas court of
appeals' characterization of judgment as final even though it did not dispose of motion for sanctions: 
"While we agree that a judgment does not have to resolve pending sanctions to be final, that
principle does not control this case.").


 As in the Jobe case, the judgment at issue in this mandamus proceeding disposed of
all issues and parties, except for the motion for sanctions. And because the motion for sanctions is
not a pleading that determines the issues to be resolved in the case, the fact that it was not disposed
of in the court's judgment did not make the judgment interlocutory.

 JWC in its response to the petition for writ of mandamus urges us to consider the trial
court's intent in determining whether its judgment was final or interlocutory, citing Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001). In Lehmann the supreme court held that a review of the
record may help determine whether a judgment disposes of all parties and claims and is therefore
final, even though it should have been interlocutory because no sufficient basis for rendering a final
judgment was presented. Id. at 205-06. A review of the record may also reveal that an order should
not be regarded as final despite language in the order that might indicate otherwise. Id. at 206. The
supreme court, however, did not hold the reverse to be true; that is, the trial court's intent cannot
convert an otherwise final judgment--one that disposes of all parties and claims--into an
interlocutory one. Indeed, the supreme court explained that a judgment that disposes of all parties
and issues is a final judgment, notwithstanding language characterizing it otherwise:


 A judgment that finally disposes of all remaining parties and claims, based
on the record in the case, is final, regardless of its language. A judgment that actually
disposes of every remaining issue in a case is not interlocutory merely because it
recites that it is partial or refers to only some of the parties or claims. . . . The
language of an order or judgment cannot make it interlocutory when, in fact, on the
record, it is a final disposition of the case. 



Id. at 200.

 Because the trial court's August 29 judgment disposed of all parties and issues to be
resolved as presented by the pleadings, we hold that the trial court's August 29 judgment was a final
judgment, notwithstanding the trial court's characterization of it as interlocutory. The trial court's
plenary jurisdiction therefore expired thirty days after it overruled the motion for new
trial--September 29. When the court granted the motion for sanctions on November 24, it no longer
had jurisdiction to do so; the order was therefore void, and the trial court abused its discretion in
issuing the order.


Adequate Remedy

 Having determined that the trial court abused its discretion, the next question then
is whether Velte has an adequate remedy by appeal. The supreme court has held that when a trial
court exceeds its jurisdiction in issuing an order, the order is void, the relator need not show that he
had no adequate remedy by appeal, and mandamus relief is appropriate. In re Southwestern Bell Tel.
Co., 35 S.W.3d 602, 605 (Tex. 2000). Accordingly, Velte need not show the lack of an adequate
remedy by appeal; mandamus relief is appropriate in this case.


CONCLUSION


 We hold that the trial court's August 29 judgment was a final judgment because it
disposed of all parties and issues as determined by the pleadings. The trial court no longer
maintained plenary jurisdiction on November 24, when it attempted to grant JWC's motion for
sanctions, and its order granting the sanctions is therefore void. Mandamus relief is the appropriate
remedy when a trial court issues an order beyond its jurisdiction. Accordingly, we conditionally
grant the writ of mandamus. The writ will issue only in the event that the trial court fails to
comply with this opinion.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: April 8, 2004

1. Shewalter initially sued only JWC; he added the other defendants in subsequent amended
petitions.
2. The trial court's judgment suggests that Jerald Winetroub also filed a motion for sanctions,
but that motion was not included in the record or appendices filed with this Court.