# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00488-CV

**Walter Lee Hall, Jr., Appellant**

**v.**

**U.S. Bank National Association, as Trustee, on behalf of the Holders of the Asset Backed Pass-Through Certificates, Series NC 2005-HE4, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-07-003137, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee U.S. Bank National Association filed an original petition against appellant Walter Lee Hall, Jr., seeking a declaratory judgment related to a dispute between the parties about ownership and possession of a piece of real property. Appellee also sought $10,000 in damages for Hall's filing of allegedly fraudulent claims against the property. Hall did not file an answer and instead filed a "motion to dismiss with prejudice for lack of jurisdiction." On January 11, 2008, the trial court signed an order striking Hall's motion to dismiss as frivolous and awarding appellee sanctions of $1,000 in expenses and reasonable attorney's fees. Hall then filed a motion to vacate the January 11 sanctions order.

On January 31, 2008, the trial court signed a nihil dicit judgment in favor of appellee, awarding appellee $10,000 in damages for fraudulent claims against the property. Hall timely filed

a motion for new trial and a separate motion to vacate the nihil dicit judgment, which the trial court denied in an order signed April 14, 2008. On that same day, the trial court signed a separate order related to (1) Hall's motion to vacate the January 11 sanctions order and (2) appellee's request that the trial court either sign a nunc pro tunc order of sanctions or amend its order granting sanctions. In the second order, the trial court made findings that Hall's motion to dismiss appellee's suit was groundless and filed solely to multiply the proceedings and harass appellee, and that there was good cause to strike his motion to dismiss. The court denied Hall's motion to vacate and ordered him to pay the $1,000 sanctions.

On July 12, 2008, Hall attempted to file his notice of appeal and affidavit of indigence electronically. On July 14, he received notice that his filing attempt had been rejected. The trial court actually filed his notice of appeal on July 30, 2008. On August 1, 2008, Hall filed a "notice of bona fide attempt to invoke appellate jurisdiction," explaining that his July 12 attempt at filing electronically should provide jurisdiction. On October 2, 2008, after reviewing the record, this Court sent Hall a letter stating that it appeared that we lacked jurisdiction to consider his appeal from the January 31 judgment and asked him to explain how we could exercise jurisdiction over the appeal. *See* Tex. R. App. P. 42.3. Hall has responded, arguing that the appellate deadlines should run from the April 14 order amending the January 11 sanctions order and that the deadline should be extended to ninety days due to his timely motion for new trial and motion to vacate the judgment nihil dicit.

Initially, we disagree with Hall's assertion that the April 14 order "corrected or modified judgment by retrying a material issue that led to Judgment." Instead, the trial court denied Hall's motion to vacate its order striking his motion to dismiss. The fact that the court ruled on his

2

motion to vacate that order, providing findings to support its January 11 sanctions order, does not mean that the April 14 order superseded the January 31 order and became the final order from which deadlines are calculated. The January 31 order was the trial court's final order disposing of the claims and parties involved in this lawsuit. The April 14 order did not modify the January 31 order in any way, nor did the motions it was addressing seek to modify the final judgment in any way. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000) ("first judgment was final, even though a pending sanctions motion was left unresolved, because the judgment disposed of all parties and all issues in the pleadings"; "any change to a judgment made by the trial court while it retains plenary jurisdiction will restart the appellate timetable under Rule 329b(h), but only a motion seeking a substantive change will extend the appellate deadlines" (citation omitted)); *Jobe v. Lapidus*, 874 S.W.2d 764, 765-66 (Tex. App.—Dallas 1994, writ denied) ("An order on a motion for sanctions is not a judgment."). Therefore, the appellate deadlines ran ninety days from January 31, on April 30, 2008.

Even if we were to assume that Hall's appellate deadlines might run from the April 14 order, the motions he filed seeking to vacate or amend the January 31 order did not somehow transform into post-judgment motions attacking the so-called "final" judgment of April 14. *See Fredonia St. Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 281 (Tex. 1994) ("a motion for new trial relating to an earlier judgment may be considered applicable to a second judgment when the substance of the motion could properly be raised with respect to the corrected judgment"). The motions for new trial and to vacate raised arguments specific to the January 31 order, which was a nihil dicit judgment granting declaratory relief and damages for fraudulent filings. They did not

3

address the order granting $1,000 in sanctions and striking Hall's motion to dismiss. Thus, even if we were to agree that April 14 was the date from which the appellate deadline ran, there was no post-judgment motion filed after the signing of that judgment that would have extended the deadline beyond thirty days. At the latest, Hall's deadline to file his notice of appeal ran on May 14, 2008, almost two months before Hall attempted to electronically file his notice of appeal.

We therefore dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: December 12, 2008

4