**DISMISS; Opinion Filed November 13, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01163-CV

## IN THE ESTATE OF FRANCES J. HUTCHINS, DECEASED

**On Appeal from the Probate Court
Dallas County, Texas
Trial Court Cause No. PR-11-01594-1**

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

This is an appeal from two probate court orders. The first order denied a motion, brought

by Susan E. Jones, executrix of the estate of Frances J. Hutchins, for turnover of certain property of

the estate. The second order imposed sanctions against Jones and her trial counsel, Douglas T.

Floyd. No final judgment, generally required to invoke our jurisdiction, has been rendered. *See*

*Lehmann v. Har-Con*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to "a few mostly statutory exceptions

. . . an appeal may be taken only from a final judgment."). However, a probate order on a discrete

issue is appealable before the entire proceeding is concluded if an express statute declares that phase

of the proceeding from which the order arises to be final and appealable or if the order disposes of

all the parties or issues for which the particular part of the proceeding was brought. *See De Ayala*

*v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783

(Tex. 1995)). At our direction, the parties filed letter briefs addressing whether the complained-of orders are appealable. The parties agree that the order denying the turnover motion is not appealable at this time.[1] They disagree, however, over whether the sanctions order is appealable. We conclude it is not and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

## I. BACKGROUND

The proceeding that led to the complained-of orders is ancillary to a larger probate case and involves Jones's attempt, pursuant to Texas Probate Code section 37, to recover possession of certain property of the estate in the possession of Karen Coyle, a beneficiary. Jones asserted in her turnover motion that Coyle refused to surrender possession of the property when requested to do so and Coyle's refusal placed "the estate's interest in the property" in "jeopardy." Coyle responded to the motion and asserted Jones was not entitled to relief because she was not a judgment creditor as required under section 31.002 of the Texas Civil Practice and Remedies Code. Relying on Texas Rule of Civil Procedure 13 and chapter 10 of the Texas Civil Practice and Remedies Code, Coyle also filed a motion for sanctions. Coyle alleged in her motion that Jones and Floyd should be sanctioned because the turnover motion, and two earlier pleadings Jones had filed in which she requested the same relief as the turnover motion, were groundless.[2] The trial court denied the turnover motion, granted Coyle's sanctions motion, and, without stating a basis, imposed a $2000 sanction against Jones and Floyd jointly and severally to be paid within two weeks of the date of the order.

---

[1] Jones separately challenges this order by petition for writ of mandamus. The mandamus proceeding style is the same as this case, but is docketed as appellate cause number 05-12-01098-CV. By separate opinion issued this date, the Court conditionally grants the petition for writ of mandamus.

[2] Coyle also sought sanctions against Jones and Floyd for their failure to attend a court-ordered mediation in its entirety. The reporter's record of the hearing on the motion for sanctions is not a part of the record before us. However, Jones and Floyd state in their letter brief that Coyle did not urge that ground at the hearing. Coyle does not dispute this statement in her letter brief and specifically states that the sanctions order "was based on and entered with an order denying the motion for turnover order."

In their letter brief, Jones and Floyd contend the sanctions order is final and appealable because it "is not tied to anything but" the turnover motion, it did not contemplate any further determinations, and it required payment prior to the conclusion of the case. In response, Coyle asserts the order is not appealable at this time because it did not dispose of all parties or issues.

## II. APPLICABLE LAW

A motion for sanctions is not a pleading that determines the issues that must be resolved in a case. *See Jobe v. Lapidus*, 874 S.W.2d 764, 765 (Tex. App.—Dallas 1994, writ denied). Rather, it is an application for an order. *Id.* It must be tied to the portion in which the sanctionable conduct occurred, but it does not dispose of all parties and claims and is therefore not a final judgment. *Kenseth v. Dallas County*, 126 S.W.3d 584, 600 (Tex. App.—Dallas 2004, pet. denied); *Jobe*, 874 S.W.2d at 766. Unless the imposition of monetary sanctions threatens a party's continuation of the litigation, a sanctions order is reviewable on appeal from a final judgment. *See Electronic Data Sys. Corp v. Tyson*, 862 S.W.2d 728, 736 (Tex. App.—Dallas 1993, orig. proceeding). If the continuation of litigation is threatened, the sanctions order may be subject to mandamus review. *Id.*

## III. APPLICATION OF LAW TO FACTS

Although the order is not dependent on any further action by the court, it did not dispose of all the parties and claims. As Jones and Floyd recognize, it is tied to the turnover motion which was denied by order which no party contends is appealable at this time. While the order requires payment prior to entry of a final judgment, that requirement does not convert the sanctions order, which does not dispose of all parties and claims and is tied to an unappealable order, into an order that is appealable. Given the record before us, we conclude the sanctions order is not final and appealable, and we lack jurisdiction over it.

## IV. CONCLUSION

Given that the parties do not dispute the order denying the turnover motion is not appealable and our conclusion that the sanctions order is not appealable either, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

DOUGLAS S. LANG
JUSTICE

121163F.P05

—4—



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF FRANCES J.
HUTCHINS, DECEASED

No. 05-12-01163-CV

Appeal from the Probate Court of Dallas
County, Texas. (Tr.Ct.No. PR-11-01594-1).
Opinion delivered by Justice Lang, Justices
Bridges and Richter participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal. We **ORDER** that appellee Karen Coyle recover her costs of this appeal from appellants Susan E. Jones and Douglas T. Floyd.

Judgment entered November 13, 2012.

DOUGLAS S. LANG
JUSTICE