

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00167-CV

———————————————

IN THE ESTATE OF KRISTY MARIE TURNBOW, DECEASED

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2018-PR00999-2-A

---

Before Birdwell and Walker, JJ.; and Gonzalez, J.[1]
Memorandum Opinion by Justice Birdwell

---

[1]The Honorable Ruben Gonzalez, Judge of the 432nd District Court of Tarrant County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h).

# MEMORANDUM OPINION

Appellant Trevor Turnbow attempts to appeal the probate court's order holding him in contempt and sanctioning him $100,000 for violating its cease-and-desist order "at least" ten times. We dismiss his appeal for want of jurisdiction.

Contempt orders are not appealable but are reviewable only by writ of mandamus or habeas corpus. *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding). Accordingly, we lack jurisdiction to consider those portions of his complaint.

Further, generally, a party may appeal only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *In re Estate of Aguilar*, No. 04-16-00813-CV, 2018 WL 1176914, at *2 (Tex. App.—San Antonio Mar. 7, 2018, no pet.) (mem. op.). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195.

Probate proceedings, however, are an exception to the one-final-judgment rule; in such cases, a judgment disposing of certain discrete issues can be final for appellate purposes. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g); *Aguilar*, 2018 WL 1176914, at *2. The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been the justification for this rule. *De Ayala*, 193 S.W.3d at 578. But not every interlocutory order in a probate case is appealable, and determining whether a probate order is final for appellate purposes has proven difficult. *Id.*

If there is an express statute declaring the phase of the probate proceedings to be final and appealable, that statute controls. *Id.* Absent an express statute, a probate court order is final and appealable only if it disposes of all parties or issues in a particular phase of the proceedings. *See id.* at 579; *Aguilar*, 2018 WL 1176914, at *2. If the order does not end a phase of the proceedings but, instead, is but a step toward resolution of the proceedings, then the order is interlocutory. *See De Ayala*, 193 S.W.3d at 579; *Aguilar*, 2018 WL 1176914, at *2.

Sanction orders necessarily arise in the context of some other proceeding and are not independently appealable until the trial court has rendered a final judgment. *See In re Casey*, 589 S.W.3d 850, 855 (Tex. 2019) (orig. proceeding);[2] *Vance v. Vance*, No. 10-10-00161-CV, 2010 WL 2523442, at *1 (Tex. App.—Waco June 23, 2010, no pet.) (mem. op.); *Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 736 (Tex. App.—Dallas 1993, orig. proceeding); *see also* Tex. R. Civ. P. 215.1(d), 215.2(b)(8), 215.3. This is so because a sanction order disposes of neither parties nor claims. *See In re Estate of Hutchins*, No. 05-12-01163-CV, 2012 WL 5503530, at *2 (Tex. App.—Dallas Nov. 13, 2012, no pet.) (mem. op.) (citing *Kenseth v. Dall. Cnty.*, 126 S.W.3d 584, 600 (Tex. App.—Dallas 2004, pet. denied), and *Jobe v. Lapidus*, 874 S.W.2d 764, 766 (Tex. App.—Dallas 1994, writ denied)). "A sanctions order must be tied to the portion of

---

[2]If, however, the order requires a party to pay the monetary sanctions before the rendition of a final judgment and if complying with that order has a preclusive effect on the sanctioned party's access to the courts, mandamus potentially lies. *See id.* at 851.

the proceedings in which the sanctionable conduct occurred." *Kenseth*, 126 S.W.3d at 600.

In response to the concerns that we expressed during oral argument, both parties filed post-submission jurisdictional letter-briefs. After reviewing these letter-briefs, we hold that the sanction order is not appealable.

Turnbow asserts that the sanction order was the last remaining issue and that it made the judgment final. We disagree. Because a sanction order disposes of neither claims nor parties, *Hutchins*, 2012 WL 5503530, at *2, it cannot make an otherwise interlocutory proceeding final.[3]

Turnbow attached to his letter-brief a November 22, 2021 "Notice of Settlement" to support his assertion that the sanctions were the last remaining issues resolved in the trial court.[4] We are not persuaded. A "Notice of Settlement" is not an

---

[3]Indeed, assuming a final judgment exists, Turnbow's argument would raise other concerns. A trial court has no authority to award sanctions after it loses its plenary power. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (op. on reh'g); *In re M.A.S.*, 233 S.W.3d 915, 925 (Tex. App.—Dallas 2007, pet. denied) (op. nunc pro tunc). Motions for sanctions do not survive the expiration of the trial court's plenary jurisdiction. *M.A.S.*, 233 S.W.3d at 925; *Jobe*, 874 S.W.2d at 766–67. We are not, however, persuaded that a final judgment exists, so whether the trial court signed the order after its plenary power expired does not appear to be an issue.

[4]Generally, an appellate court can review only the record as filed and cannot review documents not included in the record or not considered by the trial court. *Healey v. Healey*, No. 12-15-00047-CV, 2016 WL 4098750, at *3 n.3 (Tex. App.—Tyler July 29, 2016, pet. denied) (mem. op. on reh'g); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). However, an appellate court

order disposing of claims and parties. *Hutchins*, 2012 WL 5503530, at *2. And the "Notice of Settlement" is not a judgment or order signed by the judge. *See* Tex. R. App. P. 26.1. Furthermore, in appellee Shayla Turnbow Dunlap's letter-brief, she maintained that Turnbow later breached the settlement agreement, demonstrating that the parties are still litigating various issues in the probate court.

Because contempt orders are not independently appealable and because Turnbow has not shown that he is appealing an order disposing of a particular phase of the probate proceedings, we dismiss his appeal for want of jurisdiction.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  July 7, 2022

---

can consider documents outside the record for the purpose of determining its own jurisdiction over the case. *See Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Healey*, 2016 WL 4098750, at *3 n.3; *Harlow Land Co. v. City of Melissa*, 314 S.W.3d 713, 716 n.4 (Tex. App.—Dallas 2010, no pet.).