**DISMISS and Opinion Filed February 16, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00514-CV**
_____

**NIELS ULRIK OLDENBURG, INDIVIDUALLY AND AS NEXT OF FRIEND FOR J.O., AND ERICK OLDENBURG, Appellants**
**V.**
**KELLY KERR, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17313**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Chief Justice Burns

We questioned our jurisdiction over this appeal because it appeared the judgment was not final. Generally, this Court has jurisdiction over final judgments and certain interlocutory orders as permitted by statute. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). A final judgment is one that disposes of all parties and claims. *See Lehmann*, 39 S.W.3d at 195. As directed, the parties filed letter briefs addressing the jurisdictional issue. For reasons that follow, we dismiss the appeal.

Appellants Niels Ulrik Oldenburg, individually and as next friend for J.O., and Erick Oldenburg (collectively appellants) filed a lawsuit against appellee Kelly Kerr and Margot O. Burrell, individually and as trustee of the Margot O. Burrell Living Trust (collectively defendants). The lawsuit alleged numerous claims against each defendant, including a claim for declaratory judgment. Defendants asserted a counterclaim for attorney's fees pursuant to the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. They also asserted a claim for attorney's fees for pleading violations pursuant to section 10.002 of the Civil Practice and Remedies Code and a claim for sanctions pursuant to Texas Rule of Civil Procedure 13. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.002 (allowing motion to recover attorney's fees for pleadings filed in violation section 10.001); TEX. R. CIV. P.13 (allowing court to impose sanctions against party who files a pleading in bad faith). Kerr moved for summary judgment only on the claims asserted against her. On September 14, 2021, the trial court granted her motion with the notation that it is a "partial summary judgment and does not dispose of all parties, claims, and counterclaims in this lawsuit."

Kerr died in October of 2021. When no administrator was appointed for her estate, appellants filed an unopposed motion to sever.[1] In this motion, appellants acknowledge that claims remain pending by stating: "Given the fact that Kelly has

---

[1] We note that attorney Lisa Leffingwell has been appointed as the temporary administrator for the Kelly Kerr estate. Ms. Leffingwell has filed a notice of appearance in this appeal.

–2–

no administrator to defend her estate or prosecute her counterclaim, severance of her estate from this lawsuit is well within the Court's discretion and appropriate here." The trial court granted the motion by order signed on April 22, 2022. Considering the September 14 summary judgment final following the severance order, appellants filed a notice of appeal.

In their letter brief, appellants assert the summary judgment disposed of all their claims against Kerr. They acknowledge that Kerr made a claim for attorney's fees under section 10.002 and a claim for sanctions under Rule 13. They assert that failure to rule on the "motions" does not affect finality. *See Jobe v. Lapidus*, 874 S.W.2d 764, 766 (Tex. App.—Dallas 1994, writ denied) (holding judgment did not have to resolve the pending rule 13 sanctions motion to be final because a motion for sanctions "is not a pleading that frames issues which must be resolved in a final judgment."). *Jobe* does not address a claim for fees pursuant to section10.002 or section 37.009. Those two claims were pending when the partial summary judgment was signed and the subsequent severance order does not change that pending status. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (summary judgment that does not dispose of a counterclaim for attorney's fees under Declaratory Judgments Act is not final); *Shah v. Remy*, No. 14-21-00612-CV, 2022 WL 777084, at *1 (Tex. App. Mar. 15, 2022, pet. denied) (mem. op.) (request for a sanctions award under Chapter 10 of the Civil Practice

and Remedies Code must be resolved for the trial court's judgment to be final and appealable).

Because a final judgment has not been rendered, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220514F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NIELS ULRIK OLDENBURG, INDIVIDUALLY AND NEXT OF FRIEND FOR J.O., AND ERICK OLDENBURG, Appellants

No. 05-22-00514-CV        V.

KELLY KERR, Appellee

On Appeal from the 95th District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17313.
Opinion delivered by Chief Justice Burns. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee KELLY KERR recover her costs of this appeal from appellants NIELS ULRIK OLDENBURG, INDIVIDUALLY AND NEXT OF FRIEND FOR J.O., AND ERICK OLDENBURG.

Judgment entered February 16, 2023