## OHMART v. HIGHBARGER et al.

No. 8676.

Court of Civil Appeals of Texas. San Antonio.

Nov. 11, 1931.

Rehearing Denied Dec. 9, 1931.

Greenwood & Lewis, of Harlingen, for appellant.

P. F. Dominy, of San Benito, and Dodson & Ezell, of San Antonio, for appellees.

SMITH, J.

This action was brought by Jennie L. Highbarger and her husband, A. A. Highbarger, against Lester Ohmart, to recover upon certain vendor's lien notes and for foreclosure of the vendor's lien upon certain real property in San Benito, in Cameron county. The Highbargers recovered, and Ohmart has appealed.

Much of appellant's brief is directed at the alleged action of the trial court in permitting appellees, just prior to the trial below, to interline the name of A. A. Highbarger as one of the plaintiffs in the suit, and in requiring appellant to go to trial immediately after such interlineation, and at a time when he was not prepared to try the case presented by the interlineation. These complaints are supported by no statements from or reference to the record, by which the point made may be judged on appeal. The circumstances or conditions under which the alleged interlineation was made are not shown, and, if they are shown in the record, that fact is not disclosed, and no record reference is given by which this court could search them out, even if required to do so, which it is not. We must assume that the trial judge acted within his wide discretion in such matters, and the propositions raising this question must be overruled.

As to appellant's complaint that he was required to go to trial when not prepared to do so, it is sufficient to say that it does not appear that he asked for, or was refused, a continuance upon that ground.

Appellant complains of the action of the trial court in overruling appellant's plea in abatement in which it is urged that A. A. Highbarger was a necessary party plaintiff, and that the suit should be abated in his absence as such party. It appears from appellant's brief, however, that this plea was avoided by the action of the trial court in permitting Highbarger to come in as a coplaintiff with his wife. Besides, it does not appear from appellant's brief that he presented his plea in abatement to the trial judge, or that the latter made any ruling thereon, nor is any reference made to the record by which these facts may be ascertained.

A trial judge is vested with a wide discretion in permitting amendments to pleadings

**976**

and the making of additional parties, and appellant has presented nothing tending to show that the court below abused thát discretion in the proceedings complained of by appellant in this case.

Appellant complains in his fourth proposition of law that the trial court erred in refusing to abate the suit upon the ground that appellant's wife was a necessary but not impleaded party to the suit, in which a foreclosure of the vendor's lien is sought upon the homestead of appellant and his wife. This appears to be but a simple suit to foreclose a lien upon the property involved, alleged to be a homestead, to secure the payment of a part of the purchase price of said property. No question growing out of homestead rights is presented in the case. The rule in this state is that such suit may be maintained against the husband alone, and without the joinder of his wife. Jergens v. Schiele, 61 Tex. 255; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Butler v. Carter (Tex. Civ. App.) 58 S. W. 632, 634; Waldon v. Davis (Tex. Civ. App.) 185 S. W. 1000; Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225; Jackson v. Bradshaw, 28 Tex. Civ. App. 394, 67 S. W. 438, 439. We overrule appellant's fourth proposition.

Appellant's fifth and last proposition is not supported by any statement, authorities, or argument, and therefore cannot be considered.

The judgment is affirmed.