### SNELL v. McCRACKEN.
### No. 9308.

Court of Civil Appeals of Texas. San Antonio.

April 11, 1934.

I. W. Keys and Johns, McCampbell & Snyder, all of Corpus Christi, for appellant.

E. H. Crenshaw, Jr., of Kingsville, for appellee.

SMITH, Justice.

This action was brought by appellee, W. E. McCracken, against appellant, Pauline S. Snell, to recover upon a promissory note and foreclose the vendor's lien upon real property. The note and lien had been transferred to appellee by the original payee.

In her first proposition, appellant complains of the action of the trial court in overruling her motion to quash the citation by which she was summoned to defend the case, and thereupon forcing her into trial. The motion to quash was based upon the allegation that the citation failed to show the date upon which appellee's original petition was filed. It appears in this connection that the trial judge, upon motion, permitted the citation to be amended by inserting the omitted date, thus curing the defect complained of in appellant's first proposition, which will be overruled.

It was within the discretion of the court to permit the amendment to the citation, and no error is assigned here to that action.

No harm is shown to have resulted to appellant by reason of the ruling upon the motion to quash. The whole burden of her complaint is encompassed in the contention that she was forced into trial before she was ready; but as she did not move for continuance or delay below, she cannot complain here.

Appellant complains, in her second proposition, of the exclusion of certain evidence offered by her upon the trial. The circumstances of the ruling complained of are not sufficiently shown in the brief to invoke review on appeal. In order to invoke such review it was incumbent upon appellant to set out in her brief the evidence tendered, the objections made thereto, the ruling thereon, together with related pleadings and other facts bearing upon the competency and materiality of the proffered testimony. It is true that appellant gives record references purporting to disclose the transaction, but the burden rests upon appellant to bring for-

ward the substance, at least, of such matters, into her brief, and relieve an appellate court of the burden of searching the record to find the true light upon the subject. The gist of appellant's contention is that she made certain payments on the note, and deposited certain collateral with appellee's assignor as security therefor, and was entitled to, but was denied, credits for the amounts thereof. Instead of bringing forward into her brief the pleadings and testimony relied upon to support these contentions, the objections upon which the testimony was rejected, the court's rulings thereon, and any other matters relevant to the transactions, appellant simply refers this court to the records purporting to supply these matters. That is not a sufficient presentation of the appeal. For this reason appellant's second, third, and fourth propositions will be overruled.

The judgment is affirmed.