**Beverly Wright McMorrough RYLEE, Appellant,**

v.

**Ted C. McMORROUGH, Appellee.**

**No. A2598.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Decided April 8, 1981.

Rehearing Denied May 6, 1981, With Opinion.

Second Rehearing Denied June 3, 1981.

John Nichols, John Nichols & Associates, Houston, for appellant.

Paul P. Regnier, Childress & Regnier, Houston, for appellee.

Before BROWN, C.J., and COULSON and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a summary judgment granted in favor of Ted McMorrough dismissing an equitable bill of review brought by the former Mrs. McMorrough, Beverly Rylee, to set aside the property settlement agreement entered in their di-

vorce proceeding. Mrs. Rylee contends the trial court erred in granting the summary judgment because McMorrough failed to meet his burden of proof that there were no material questions of fact raised by the summary judgment evidence and because the summary judgment was granted prior to completion of discovery. We affirm.

Mrs. Rylee alleges in her petition for bill of review that she had a meritorious defense to the cause of action alleged to support the judgment; that she was prevented from making such defense by the fraud of Ted McMorrough; that rendition of the judgment against her was a result of no fault, negligence, or lack of diligence on her part; that there is good cause to believe a different result would be obtained by a new trial; and that there is a valid reason for her failure to move for a new trial during the term of court at which the judgment being attacked was rendered.

She asserts the fraud practiced upon her was extrinsic in character and consisted of wrongful acts including representations or concealments which prevented her from knowing of the rights or defenses she would be entitled to assert or from having a fair opportunity to present such rights or defenses at trial. Specifically she alleges Mr. McMorrough misrepresented the character and value of certain property, threatened to vitiate the value of certain other property, threatened the physical health of appellant, and made representations that she had no rights to any of the parties' community property by reason of her actions. She also alleges that she had no knowledge that the divorce had been obtained until at least a month after the divorce was granted.

The question on appeal from a summary judgment is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action thereby entitling the movant to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

Mr. McMorrough contends the granting of the summary judgment was proper for the reason that appellant's pleading and proof fail to establish that through the extrinsic fraud of Mr. McMorrough, appellant was prevented from presenting her meritorious defense unmixed with *any* fault or negligence of her own and that she was diligent in seeking to set the judgment aside. He asserts that even if appellant's allegations regarding Mr. McMorrough's representations are true, they amount, at best, to intrinsic rather then extrinsic fraud. We agree.

The parties were married in July, 1960, and lived together until December, 1974, or January, 1975, when appellant moved from the residence of the parties. Appellant alleges she was forced through threats and coercion to discuss divorce and a property settlement with Mr. McMorrough and his attorney and that, being assured that the divorce would not be filed until "everything had been discussed" she signed a property settlement agreement on January 24, 1975, upon the insistence of Mr. McMorrough and his threats of physical harm. She also alleges he represented that he was told by a judge that she had no rights in the parties' residence because she voluntarily moved out, but that he would give her 50% of the proceeds he expected to receive from the sale of his interest in a certain piece of property.

On February 20, 1975, Mr. McMorrough obtained a divorce in Haiti which incorporated the property settlement agreement. Appellant admits she was informed by Mr. McMorrough in late February or early March of the Haitian divorce and the Haitian Divorce Decree recites that a power of attorney submitting herself to the jurisdiction was signed by appellant and filed on her behalf in that divorce proceeding. On March 19, 1975, Mr. McMorrough obtained a divorce in Harris County, allegedly without the knowledge or consent of appellant, although the record includes her duly-executed waiver of citation by which she agreed to consideration of the cause by the court without further notice to her. The record also contains the January 24, 1975 property settlement agreement duly exe-

cuted by both parties and filed in the Harris County divorce proceeding. She alleges she did not learn of the March 19, 1975 divorce until after the time had expired to set same aside. She contends that all during January and February of 1975, the parties were discussing reconciliation and, when she was informed of the Haitian divorce, Mr. McMorrough advised her that the Haitian divorce meant little because he could get it "thrown out" by a telephone call to Haiti.

By the terms of the property settlement agreement appellant received title to a modeling school, the cash in the bank account of the modeling school, a 1974 Cadillac Eldorado convertible, 1000 shares of Mischer Corporation stock, 1000 shares of First Continental Life stock and $25,000 in cash. Mr. McMorrough received the parties' residence in River Oaks and its furnishings and "all remaining assets, real or personal, that constitutes the balance of the community estate" which appellant alleges include a $100,000 certificate of deposit, the cash in all other bank accounts, certain other real estate, all other securities and stocks and the retirement benefits and Keogh Plan Associated with his employment.

On February 7, 1979, appellant filed her petition for bill of review, in which she alleges, among other things, that the fraud practiced upon her was extrinsic in character, that signing the settlement agreement "stalled her seeking justice in court" and that she was told she didn't need an attorney. The acts of fraud alleged to be extrinsic fraud enumerated in the petition include threats to her personal safety and misrepresentations regarding their property, her rights, and the status of the legal proceedings.

■ In order to vacate the judgment appellant must show extrinsic fraud, which is fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication. By that is meant fraud by the other party which has *prevented* the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon trial. Examples include cases where one did not know of the suit or was betrayed by his attorney. *State v. Wright*, 56 S.W.2d 950 (Tex.Civ.App.—Austin 1933, no writ). The fraud must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial. Where the presentation of such defense was prevented by fraud, accident, or act of the opposing party, it must be shown that there was *no* fault or negligence by the party against whom the judgment was rendered, *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94 (1940), and that diligence was used to prevent the injustice of the former judgment. Moreover, bills seeking relief from final judgments are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted. The fact that injustice has occurred is not sufficient to justify relief. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950).

■ We find that the trial court properly granted the summary judgment. Appellant failed to establish that the circumstances surrounding entry of the divorce decree and approval of the property settlement agreement rise to the dignity of extrinsic fraud. The cases establish that misrepresentations such as those allegedly made regarding the property and its value constitute intrinsic fraud. *Bankston v. Bankston*, 251 S.W.2d 768 (Tex.Civ.App.—Dallas 1952, mand. overr.) Further, appellant did not assert that she was in any way prevented from obtaining her own counsel. She admits to having signed the property settlement agreement and the waiver of citation. We fail to see under these circumstances how she can assert that she was prevented from a proper presentation of her case due to *no* fault or negligence of her own. Her bill of review must fail.

The judgment is affirmed.

## ON MOTION FOR REHEARING

On motion for rehearing appellant points out our failure to rule on her second point

of error, which is that the trial court erred in granting summary judgment prior to completion of discovery by appellant. To support the point appellant relies on two facts before the court at the time of the hearing on summary judgment: (1) that appellee's deposition was in recess, and (2) that a motion for production had previously been filed with the court. Neither of these facts serves to preserve this point on appeal, and appellant failed to take any additional steps to preserve the point.

■ Appellant may not complain that she was forced to go to trial before she was ready when she did not move for a continuance in the case. *Snell v. McCracken*, 70 S.W.2d 488 (Tex.Civ.App.—San Antonio 1934, no writ); *Ohmart v. Highberger*, 43 S.W.2d 975 (Tex.Civ.App.—San Antonio 1931, writ ref'd). This rule applies to summary judgment hearings, although applications for additional time under the summary judgment provisions of Tex.R.Civ.P. 166–A do not require a strict compliance with all the requirements of Tex.R.Civ.P. 252. *Enterprises & Contracting Co. v. Plicoflex, Inc.*, 529 S.W.2d 805 (Tex.Civ.App.—Houston [1st] 1975, no writ). Appellant admits she failed to file a motion for continuance, and there is no complaint in her motion for rehearing filed with the trial court of any refusal by the court to continue the hearing. Furthermore, appellant's counsel approved the judgment which recites that both attorneys appeared in person and announced ready. Finally, the motion for production to which appellant refers was never set down for hearing or ruled upon by the trial judge. It is elemental that matters not presented to the trial court and on which no ruling was obtained may not be reviewed on appeal.

Appellant's motion for rehearing is overruled.