Andrea GIBBUD, Individually and as Tax
Assessor–Collector, for Bee County,
Texas, et al., Appellants,

v.

Joe MORON, Individually and d/b/a Tejas
International Investment, Inc.,
Appellees.

No. 13–97–747–CV.

Court of Appeals of Texas,
Corpus Christi.

April 30, 1998.

Rehearing Overruled June 18, 1998.

Russell R. Graham, Sandra M. Griffin, Ca-
lame, Linebarger, Graham & Pena, Austin,
for appellants.

Hector P. Gonzalez, Alice, Sharon N. Hum-
ble, Heard, Goggan, Blair & Williams, San
Antonio, Ben A. Douglas, Douglas & Wues-
ter, P.C., Fort Worth, Donald B. Edwards,
Craig S. Smith, Smith & Edwards, Corpus
Christi, for appellees.

Before DORSEY, FEDERICO G.
HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Appellants, defendants in the trial court,
appeal from an order denying their summary
judgment motion based upon official and sov-
ereign immunity.[1]  Because the trial court
did not have jurisdiction of Moron's claims
we dismiss the suit.

Joe Moron, individually and d/b/a Tejas
International Investment, Inc., sued Bee
County, the Bee County Appraisal District,
Andrea Gibbud, individually and as Tax As-
sessor–Collector for Bee County, Duane E.
Baker, individually and as Chairman of the
Bee County Appraisal District, James Sta-
ples, Jr., Walter Kinkler, Luis Sanchez, Jr.,
and Blaine Luthringer in their individual ca-
pacities and as members of the Bee County
Appraisal District Board seeking a bill of
review to set aside several tax-related judg-
ments against him.  Moron alleged in 1983
he built the El Dorado Convention Center on
his property.  He later received notice his

---

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014    (Vernon Supp.1998).

building and land had an appraised value for tax purposes at approximately $489,000. Shortly after receiving notice he talked to Blaine Luthringer, Chief Appraiser of Bee County. Moron informed him the appraisal was wrong and asked him what steps he could take to insure a correct appraisal. Luthringer advised Moron he could appeal to the appraisal board, but this would do no good. He also advised Moron he could further appeal to the district court, but the same rules and procedures would be followed to make the appraisal "and that it was a waste of time and effort." Moron relied on his representations and did not pursue the matter. When Andrea Gibbud was elected Bee County Tax Assessor–Collector she immediately took steps to foreclose on his convention center. Moron alleged "at no time did she [Gibbud] give him an option to commence making payments on his delinquent taxes as she did to many others to the extent that she gave them more time than the law allows, treating Plaintiff in an unequal and unjust manner...." This deprived him of his property without due process of law in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and in violation of Texas Constitution Article 1, Section 17. He also alleged she "treated him in a manner different than she treated Anglo tax payers and as a direct result of the unequal treatment he lost his convention center...." This violated the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Texas Constitution Article 1, Sections 3, 8, 17, and 19, and Article 8, Section 1. He asserted the taxing authorities of Bee County and others taxed him and other Mexican–Americans at a much higher rate than Anglos, in violation of his rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution Article 1, Section 17. He alleged the members of the appraisal board were aware of the unequal and unjust appraisal and discretionary discount practices. Moron also asserted appellants: (1) were negligent; (2) engaged in a civil conspiracy to cause him damages; (3) committed fraud; (4) violated 42 U.S.C. § 1983; (5) violated statutory mandates; (6) did not act in good faith; and (7) violated their fiduciary duty owed to him.

Appellants moved for summary judgment on the grounds of res judicata, sovereign immunity, and official immunity. The trial court denied the summary judgment motion.

### Subject–Matter Jurisdiction

■ Moron complains we cannot address the jurisdictional issue, because appellants raised it for the first time in their supplemental brief, which we received on February 4, 1998. This was thirty-five days after Moron filed his brief. We stated in *Crawford v. Williams,* 797 S.W.2d 184 (Tex.App.—Corpus Christi 1990, writ denied) there are no preservation or briefing requirements imposed on a party when challenging a court's jurisdiction. We also stated:

'[T]he lack of jurisdiction of the Trial Court over either the parties or the subject matter of the suit is a question of fundamental error which can be raised at any time by this court of its own volition. This Court has both the authority and it is its duty to consider fundamental error apparent on the face of the record although not assigned, and the exercise by the Trial Court of jurisdiction where none existed is fundamental error.'

*Crawford,* 797 S.W.2d at 185.

By point four appellants assert the district court lacked jurisdiction to hear this suit because Moron did not exhaust his administrative remedies and did not comply with the tax code's mandatory and jurisdictional requirements. Section 41.41(a)(9) of the Texas Tax Code allows a property owner to protest before the appraisal review board (ARB) actions of the chief appraiser, appraisal district, or ARB that apply to and adversely affect the property owner. TEX. TAX CODE ANN. § 41.41(a)(9) (Vernon Supp.1998). In order to challenge the appraised value of property a property owner must file a notice of protest with the ARB. Section 41.44 provides, in relevant part:

(a) Except as provided by Subsections (b) and (c), to be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the ap-

praisal review board having authority to hear the matter protested:

(1) before June 1 or not later than the 30th day after the date that notice was delivered to the property owner as provided by Section 25.19, whichever is later; TEX. TAX CODE ANN. §§ 41.44(a) & (a)(1) (Vernon 1992). Section 41.45(a) provides, in relevant part: "On the filing of a notice as required by Section 41.44, the appraisal review board shall schedule a hearing on the protest...." TEX. TAX CODE ANN. § 41.45(a) (Vernon 1992). The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument in person or by affidavit. *See* TEX. TAX CODE ANN. § 41.45(b) (Vernon 1992). A property owner who wants to appeal the ARB's decision "must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition bars any appeal under this chapter." TEX. TAX CODE ANN. § 42.21(a) (Vernon 1992).

The supreme court discussed section 42.21 in *Appraisal Review Bd. v. International Church of the Foursquare Gospel*, 719 S.W.2d 160 (Tex.1986) (per curiam). *Foursquare* involved an appeal from an order of the Appraisal Review Board of the Taylor County Appraisal District (District). The trial court erroneously assumed jurisdiction and granted the relief sought by Foursquare. The appellate court dismissed the District's appeal for failure to file a brief. The supreme court held the court of appeals erred in dismissing the appeal rather than the cause. The supreme court noted the record showed Foursquare did not comply with section 42.21 by its failure to include the District as a party within 45 days after receiving notice a final order had been entered. The supreme court stated compliance with section 42.21 is jurisdictional and the trial court's jurisdictional error was apparent on the face of the record. The court reversed the judgments of the court of appeals and the trial court and dismissed the cause.

■ In the instant case Moron did not file a notice of protest with the ARB, appear in person or by affidavit before the ARB, and did not comply with section 42.21. This is apparent on the face of the record. However Moron argues extrinsic fraud prevented him from pursuing his rights or defenses in court or before the ARB. His affidavit included with his response to the summary judgment motion stated:

In the previous tax suits to which I have been a party, I did not and could not have raised the claims, defenses, or issues which are being raised in the above-captioned suit because I was not aware of such. In fact, it was because the opposing parties in those suits, including Mr. Blaine Luthringer, made affirmative representations to me concerning the futility of pressing the issues at that time....

In *Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex.1989) the court defined "extrinsic fraud" as "fraud which denied a party the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert." *Tice*, 767 S.W.2d at 702. In *Rylee v. McMorrough*, 616 S.W.2d 649 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ dism'd), the court stated:

In order to vacate the judgment appellant must show extrinsic fraud, which is fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication. By that is meant fraud by the other party which has prevented the losing party either from knowing about his rights or defenses, or having a fair opportunity of presenting them upon trial.... The fraud must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial. Where the presentation of such defense was prevented by fraud, accident, or act of the opposing party, it must be shown that there was no fault or negligence by the party against whom the judgment was rendered. *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94 (1940), and that diligence was used to prevent injustice of the former judgment.

*Rylee*, 616 S.W.2d at 652. In the instant case Moron's affidavit does not show appellants denied him the opportunity to fully litigate all the rights and defenses he was

entitled to assert. He did not say he was in any way prevented from obtaining his own counsel to gain independent advice on the issues.

Because Moron did not satisfy the requirements of section 42.21 we hold the trial court did not have jurisdiction to entertain Moron's cause of action. *See International Church of the Foursquare Gospel,* 719 S.W.2d at 160. We sustain point four.

Due to our disposition of point four we need not address the remaining points. TEX. R.APP. P. 47.1.

We DISMISS the cause of action against appellants for want of jurisdiction.