# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00310-CV

**Sonny Ellen and Lynn C. Ellen, Appellants**

**v.**

**F. H. Partners, LLC and Cude Place, LLC, Appellees**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. 32,663, HONORABLE ED MAGRE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants Sonny Ellen and Lynn C. Ellen sued appellees F.H. Partners, LLC and Cude Place, LLC (collectively "F.H. Partners") for declaratory relief, promissory estoppel, and wrongful foreclosure after F.H. Partners foreclosed on the Ellens' real property in Milam and Robertson Counties. The trial court granted summary judgment in favor of F.H. Partners on each of the Ellens' claims. In a single issue on appeal, the Ellens challenge the trial court's grant of summary judgment as to their claim for promissory estoppel. We will affirm.

## BACKGROUND

Sonny Ellen borrowed $588,758.29 from First Victoria National Bank (the "Bank") in January 2007. As part of the loan transaction, Sonny Ellen signed a written loan agreement, both Ellens executed deeds of trust covering, as security for the loan, real property located in Milam and

Robertson Counties, and both Ellens signed a "Notice of Invalidity of Oral Agreements" (hereinafter "notice of invalidity") prohibiting oral modifications to the loan agreement (collectively "Loan Agreement"). Almost a year later, the Bank assigned its interest in the Loan Agreement to F.H. Partners.

By July 2008, the Ellens had defaulted on their loan by failing to make payments as required by the Loan Agreement, so F.H. Partners sent notices of default, demand for payment, and intent to accelerate maturity to the Ellens in July and August 2008. In mid-September 2008, after the Ellens failed to cure their default, F.H. Partners notified the Ellens that F.H. Partners had accelerated the note's maturity and would foreclose on the secured real property by selling it at a trustee's sale on October 7, 2008, if the Ellens failed to pay the note in full by that date. When the Ellens failed to pay the note in full as demanded, F.H. Partners sold the real property at a trustee's sale to F.H. Properties, LP, which later sold the property to appellee Cude Place.

Shortly after the foreclosure, the Ellens filed this suit, claiming that F.H. Partners had failed to properly notify them of the impending foreclosure. They sought a declaration that the foreclosure sale and the subsequent sale to Cude Place were void because of the improper notice. F.H. Partners filed a motion for summary judgment, asserting that notice was proper and attaching the notices as summary-judgment proof. The trial court granted F.H. Partners' motion, but because the Ellens had amended their petition immediately prior to the hearing to add a cause of action for promissary estoppel, the judgment was only partial.

The Ellens' claim for promissory estoppel was based on their allegation that F.H. Partners' loan officer, Fran Dorton, had promised Sonny Ellen that F.H. Partners would not declare

2

the Loan Agreement in default or foreclose on the secured property until January 2009 to allow the Ellens time to refinance or sell the property. Specifically, Sonny Ellen claimed that he met with Dorton at the Milam County property sometime during the summer of 2008 to discuss the Loan Agreement. Dorton allegedly told him during this meeting that F.H. Partners was no longer interested in servicing the Loan Agreement and simply wanted the loan paid. Sonny Ellen says that he then asked Dorton if F.H. Partners would be willing to delay declaring the Loan Agreement in default and foreclosing on the property until January 2, 2009, which was when the next note payment was due, to give him time to resolve the debt. According to Sonny, Dorton responded by saying that Sonny Ellen's "offer was 'doable.'" The Ellens contend that they relied on Dorton's promise by delaying refinancing or selling the property.

F.H. Partners filed a motion for summary judgment in response to the Ellens' claim for promissory estoppel, arguing that (1) "doable" was not a promise, and (2) both the Loan Agreement and business and commerce code section 26.02, which creates a statute of frauds for certain loan agreements, *see* Tex. Bus. & Com. Code Ann. § 26.02 (West 2009), prohibited subsequent oral modifications of the Loan Agreement.[1] The trial court granted F.H. Partners' motion, resulting in a final judgment. It is this grant of summary judgment that the Ellens now appeal.

---

[1] Although F.H. Partners' motion for summary judgment purports to assert both traditional and no-evidence grounds, the motion does not state the elements of promissory estoppel for which F.H. Partners alleges there is no evidence. *See* Tex. R. Civ. P. 166a(i) (setting forth requirements for no-evidence summary judgment). Thus, F.H. Partners' no-evidence motion is defective and insufficient to support summary judgment. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Accordingly, we will consider only its traditional summary-judgment motion on appeal.

**STANDARD OF REVIEW**

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Traditional summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a traditional summary judgment, we must indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant. *Valence Operating*, 164 S.W.3d at 661. A defendant who moves for traditional summary judgment on the plaintiff's claims must conclusively disprove at least one element of each of the plaintiff's causes of action. *Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). Where, as here, a trial court's order granting summary judgment does not specify the grounds relied on, the reviewing court must affirm summary judgment if any of the summary-judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

**DISCUSSION**

In a single issue on appeal, the Ellens challenge the trial court's grant of summary judgment on their promissory-estoppel claim. Specifically, the Ellens argue that the trial court erred because (1) the summary-judgment evidence created a fact issue for each element of promissory estoppel, (2) neither the Loan Agreement nor section 26.02 of the business and commerce code apply to F.H. Partners' oral "promise" to delay default and foreclosure, and (3) they were entitled to a continuance of the summary-judgment hearing to obtain Dorton's affidavit and conduct discovery regarding the alleged familial connections between the appellees and their attorney.

4

**Request for Continuance**

Before we address the Ellens' complaints regarding the trial court's grant of summary judgment, we first address their contention that the trial court erred by not granting a continuance of the summary-judgment hearing. The Ellens contend that they asked the trial court for a continuance of the summary-judgment hearing to allow them time to obtain Dorton's affidavit and to conduct discovery regarding their contention that there were familial connections among appellees and their attorney. The trial court did not issue a ruling, but the hearing went forward as originally scheduled.

We review a trial court's denial of a motion for continuance for an abuse of discretion. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). "A trial court 'abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

To preserve error regarding a trial court's failure to grant a continuance, the record must show that the movant made a timely request or motion for continuance that stated the grounds for the continuance and that complied with the requirements of the rules of civil procedure. Tex. R. App. P. 33.1(a)(1). In the present case, there is no motion or request for continuance of the final summary-judgment hearing in the record. Although the Ellens filed an affidavit from their attorney stating that the Ellens needed additional time to obtain Dorton's affidavit and conduct discovery, that affidavit was attached as an exhibit to the Ellens' response to F.H. Partners' motion for summary judgment. The affidavit does not contain a request for a continuance of any hearing. Further, there

5

is nothing in the record we have before us showing that the Ellens ever asked the trial court for a continuance of the final summary-judgment hearing. While applications for continuance of a summary-judgment hearing under rule 166a do not require strict compliance with rule 252's requirements for motions for continuance, *see* Tex. R. Civ. P. 166a(g) (continuance of summary-judgment hearing when affidavits not available); Tex. R. Civ. P. 252 (application for continuance), a party must still *ask* the court for the relief it seeks before it can appeal the denial of that relief. *See* Tex. R. App. P. 33.1(a)(1); *Rylee v. McMorrough*, 616 S.W.2d 649, 653 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ dism'd) (holding that party may not complain on appeal that trial court failed to grant continuance when party did not request a continuance). Because there was no request or motion, there can be no order or ruling from which the Ellens can now appeal. Accordingly, we hold that the Ellens waived their complaint regarding the trial court's failure to grant a continuance.

Even if we assume that the Ellens properly preserved error, however, their "request" fails to meet the requirements of rule 166a(g), which provides that a trial court may order a continuance of a summary-judgment hearing if it "appear[s] from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition" to summary judgment. Tex. R. Civ. P. 166a(g). Although their attorney's affidavit stated that the Ellens needed additional time to obtain Dorton's affidavit, it does not state a reason why the Ellens were unable to obtain her affidavit prior to the hearing—e.g., she was unavailable or they could not locate her. Further, the affidavit does not explain how or why Dorton's affidavit would present any essential facts that Sonny Ellen's affidavit could not. Sonny Ellen was the recipient of Dorton's alleged promise, so he is presumably as knowledgeable about what Dorton said

6

to him as she is. Thus, her affidavit would, at best, duplicate his affidavit. Accordingly, Sonny Ellen's affidavit presented the "facts essential to justify [the Ellens'] opposition" to F.H. Partners' motion for summary judgment. *See id.*

Similarly, although the affidavit states that the Ellens needed time to conduct discovery into the alleged familial relationships among appellees and their attorney, it does not explain how this evidence is essential to their opposition to F.H. Partners' motion for summary judgment. *See id.* We certainly fail to see how evidence of such a relationship here would relate to a claim for promissory estoppel. Accordingly, we cannot say that the trial court abused its discretion in denying a continuance here.

**Promissory Estoppel**

The remainder of the Ellens' issue on appeal challenges the trial court's grant of summary judgment on their promissory-estoppel claim. Promissory estoppel is an equitable doctrine that is ordinarily used defensively to "prevent[] a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them." *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1985); *see also Sun Oil Co. (Del.) v. Madeley*, 626 S.W.2d 726, 734 (Tex. 1981). Texas courts, however, have recognized promissory estoppel as an affirmative claim in certain limited circumstances:

> Where the promisee has failed to bind the promisor to a legally sufficient contract, but where the promisee has acted in reliance upon a promise to his detriment, the promisee is to be allowed to recover no more than reliance damages measured by the detriment sustained.

*See Wheeler*, 398 S.W.2d at 97. Promissory estoppel, however, may not be used to create a contract that does not otherwise exist. *Id.* at 96; *see also Rice v. Metro. Life Ins. Co.*, __ S.W.3d __, No. 02-09-0248-CV, 2010 WL 3433058, at * 10 (Tex. App.—Fort Worth August 31, 2010, no pet. h.) (mem. op.) (noting that breach of contract and promissory estoppel are mutually exclusive claims).

The elements of a promissory-estoppel claim are (1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005). In addition, when promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982).

Here, F.H. Partners moved for summary judgment on the Ellens' promissory-estoppel claim, asserting that (1) Dorton's statement that Sonny Ellen's request was "doable" was not a promise to refrain from enforcing the terms of the Loan Agreement, and (2) the statute of frauds, as codified in section 26.02 of the business and commerce code, and the notice of invalidity prohibit oral modifications of the Loan Agreement. In support of its motion, F.H. Partners attached, among other documents, the Loan Agreement, including the deeds of trust and notice of invalidity, and the assignment of the loan from the Bank.

We will first address F.H. Partners' assertion that section 26.02 of the business and commerce code prohibits oral modifications of the Loan Agreement. Section 26.02 provides that

8

loans from financial institutions in amounts greater than $50,000 are not enforceable unless the loan agreement is in writing and signed by the parties to be bound. Tex. Bus. & Com. Code Ann. § 26.02(a)-(b) (West 2009). The statute further provides that a loan agreement that is subject to this section "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." *Id.* § 26.02(d). Finally, section 26.02(e) requires that each loan agreement that is subject to this section must notify the debtor or obligor, in a separate written document, about section 26.02(d)'s prohibition against oral modifications. *See id.* § 26.02(e). The sample language from 26.02(e) includes the following: "This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties." *Id.* The notice of invalidity signed by the Ellens here tracks this language exactly.

The Ellens contend that section 26.02(d)'s prohibition against oral modifications does not apply to F.H. Partners' oral "promise" here because that "promise" was made *after* the execution of the Loan Agreement. While we agree that section 26.02(d) refers only to prior or contemporaneous agreements or discussions, we also note that section 26.02(e) requires that each loan agreement subject to this section contain language prohibiting "prior, contemporaneous, or *subsequent* oral agreements." *See id.* (emphasis added). Nevertheless, we need not address this apparent internal statutory conflict at this time for two reasons.

First, the notice of invalidity of oral statements, which was signed by the Ellens and incorporated by reference into the Loan Agreement, expressly prohibits *subsequent* oral modifications of the Loan Agreement. Thus, the terms of the Loan Agreement itself prohibit enforcement of the "promise" here even if section 26.02 does not.

9

Second, "[p]arties to a written contract that is within the provisions of the statute of frauds . . . 'may not by mere oral agreement alter one or more of the terms'" of that contract. *Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967) (quoting *Robertson v. Melton*, 115 S.W.2d 624, 627 (Tex. 1938)); *see also Givens v. Dougherty,* 671 S.W.2d 877, 878 (Tex. 1984) ("It goes without saying that a contract required to be in writing cannot be orally modified except in limited circumstances . . . ."); *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, __ S.W.3d __, No. 01-09-00155, 2010 WL 1840183, at *5 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) ("Generally, if a contract falls within the statute of frauds, then a party cannot enforce any subsequent oral material modification to the contract."). So viewing the evidence in the light most favorable to the Ellens, the summary-judgment evidence establishes that the Loan Agreement covered a loan from a financial institution—i.e., the Bank—for more than $50,000 and that F.H. Partners orally agreed to modify the terms of the Loan Agreement by promising to not default or foreclose before January 2009. Thus, regardless of whether section 26.01's statute of frauds applies to the "promise" in this case, the Ellens cannot enforce that "promise" because it is an oral modification of a loan agreement that was subject to the statute of frauds. Accordingly, whether through application of the terms of the Loan Agreement itself or of longstanding common-law principles, the Ellens cannot enforce an oral modification to the Loan Agreement.[2]

---

[2] The Ellens' contention that F.H. Partners cannot enforce the invalidity of oral statements because F.H. Partners "was not a signatory" to that document and because that document was not executed for F.H. Partners' "benefit" is without merit. The Bank assigned to F.H. Partners "all [of the Bank's] right, title, and interest in the [Loan Agreement], together with, and all documents and instruments evidencing, securing, governing and guaranteeing the indebtedness evidenced by the [Loan Agreement]." Thus, because an assignee stands in the shoes of his assignor, F.H. Partners obtained all the rights, title, and interest that the Bank had, including all remedies to enforce the obligation. *See Jackson v. Thweatt*, 883 S.W.2d 171, 174-77 (Tex. 1994).

10

Our inquiry does not end here, however, because promissory estoppel can be used to enforce a promise that would be otherwise unenforceable because of the statute of frauds if the promise is a promise to sign an already prepared written agreement that would satisfy the requirements of the statute of frauds. *See Nagle*, 633 S.W.2d at 800. In the present case, viewing the evidence in the light most favorable to the Ellens and assuming their allegations are true, the summary-judgment evidence establishes that Dorton promised that F.H. Partners would not declare the Loan Agreement in default or foreclose on the secured property until after the January 2009 loan payment was due. Dorton did not promise to sign an existing written agreement. Thus, the evidence disproved, as a matter of law, an element of the Ellens' promissory-estoppel claim.

Accordingly, because the summary-judgment evidence established that (1) the terms of the Loan Agreement prohibit subsequent oral modifications to the Loan Agreement, (2) the alleged promise here was an oral agreement to change the terms of the Loan Agreement, and (3) the Loan Agreement was subject to section 26.02's statute of frauds, we hold that F.H. Partners was entitled to summary judgment on the Ellens' claim for promissory estoppel.

Finally, we note that, regardless of whether the statute of frauds applies or whether there was a promise to put the "promise" in writing, Dorton's statement to Ellen that his request was "doable" was too vague and indefinite to be enforced in a suit for promissory estoppel. *See Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558-59 (Tex. App.—San Antonio 1998, no pet.) (holding that employer's statement that "employment for more than one year was 'doable'" was insufficient to constitute a promise). Further, even if F.H. Partners' "promise" here was sufficiently definite, it was not reasonable or justifiable for the Ellens to rely on the oral "promise" because the Loan Agreement addressed the substance of the oral statement—i.e., when and under what

11

circumstances the holder of the note can declare the note in default and foreclose on the secured property—and specifically prohibited oral modification of its terms. *See Simpson v. Woodbridge Props., L.L.C.*, 153 S.W.3d 682, 684 (Tex. App.—Dallas 2004, no pet.) (holding that disclaimer of reliance clause in contract negated reliance on post-contract oral misrepresentations); *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858-59 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding that reliance on both pre- and post-contractual oral representations, directly contradicted by express terms of contract, was not justified as matter of law). Finally, we note that the Ellens' alleged reliance on F.H. Partners' "promise" is even more unreasonable considering that F.H. Partners, shortly after the alleged promise was made, sent notices of default to the Ellens indicating that the loan was in default and that F.H. Partners intended to foreclose on the property unless the loan was paid in full by October 8, 2009.

We overrule the Ellens' single issue on appeal.

## CONCLUSION

Having overruled the Ellens' sole issue on appeal, we affirm the trial court's order.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:  December 1, 2010

12